**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Connie H.,

Plaintiff,

v.

Frank Bisignano,
*Commissioner of Social Security*,

Defendant.

Case No. 25-cv-2247-ECT-EMB

**REPORT & RECOMMENDATION**

---

Plaintiff Connie H. seeks judicial review of the final administrative decision of the Commissioner of Social Security ("Commissioner") under 42 U.S.C. § 405(g).[1] The District Court referred this matter to me for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

I've considered the matter based on the parties' briefs. (*See* Pl. Br. (Dkt. No. 10); Gov't. Br. (Dkt. No. 12).) *See* Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), R. 5. For the reasons discussed below, I recommend that Plaintiff's request for relief be DENIED.

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

## I. Legal framework

The Social Security Act states that an individual is disabled if she hasn't engaged in substantial gainful employment for a year straight and "if [her] physical . . . impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

To determine if a person claiming disability and seeking benefits satisfies this definition, an Administrative Law Judge ("ALJ") follows a five-step analysis. Pertinent here, the ALJ determines the claimant's residual functional capacity—that is, the claimant's ability to do physical and mental work activities on a sustained basis despite limitations caused by her impairments. 20 C.F.R. § 404.1520(e). The ALJ determines a claimant's residual functional capacity based "on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (internal quotation marks and citation omitted). Having determined the claimant's residual functional capacity, the ALJ then assesses whether she could perform past relevant work or other work existing in the national economy. 20 C.F.R. § 404.1520(a)(4)(iv)–(v).

## II. Background

Plaintiff is a fifty-six-year-old woman with a ninth-grade education. (Admin. R. (Dkt. No. 8) at 29, 109, 152, 425.)[2] She works part time in the deli of a convenience store and gas station. (*Id.* at 18, 114–115.) She suffers from rheumatoid arthritis, seronegative inflammatory arthritis, osteoarthritis of the bilateral hands and wrists, major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. (*Id.* 18–19.)

Plaintiff applied for social security disability benefits in May 2022, a few weeks after her alleged disability onset date. (*Id.* at 16, 302.) She was denied relief on initial review and on reconsideration. (*Id.* at 186–92.)

Plaintiff asked for a hearing before an ALJ. (*Id.* at 193–95.) The ALJ held a hearing at which Plaintiff and a vocational expert testified. (*Id.* at 100–45.) The ALJ found that while Plaintiff worked part-time, she wasn't engaged in *substantial* gainful activity. (*Id.* at 18.) He found that her impairments were severe. (*Id.* at 18–19.) The ALJ determined that she had residual functional capacity to perform "light" work with certain limitations. (*Id.* at 22). He further found that jobs for individuals with Plaintiff's residual functional capacity existed in the national economy. (*Id.* at 29–30.) The ALJ therefore denied Plaintiff's application for disability income. (*Id.*)

---

[2] Administrative Record citations refer to the Bates-stamped page numbers.

Plaintiff sought review of the ALJ's decision before the Appeals Council. (Admin. R. at 1.) She submitted additional records to the Appeals Council that the ALJ hadn't considered. (*Id.* at 2; *see also id.* at 40–99.) The Appeals Council determined that one of the records didn't relate to the relevant period because it post-dated the ALJ's decision, and that the rest probably wouldn't have changed the outcome of the ALJ's decision. (*Id.* at 2.) The Appeals Council thereafter denied her request for review, (*id.* at 1–2) and Plaintiff filed the complaint in this action (Dkt. No. 1.)

**III. Standard of review.**

Judicial review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole," *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000), or resulted from legal error, *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1089 (8th Cir. 2018); *see also* 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The "threshold for such evidentiary sufficiency is not high"—it simply must be "more than a mere scintilla." *Id.* (cleaned up). If substantial evidence supports an ALJ's residual-functional-capacity determination, this Court cannot reweigh that evidence to derive a different determination. *Austin v. Kijakazi*, 52 F.4th 723, 731 (8th Cir. 2022).

The reviewing court must look to the entire administrative record to determine whether there is sufficient evidence to support the ALJ's decision, examining evidence that detracts from and supports the ALJ's decision. *See Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002). The court must uphold any finding for which substantial evidence exists, even if substantial evidence also supports a contrary outcome. *See Nash*, 907 F.3d at 1089.

When a claimant submits material, new evidence to the Appeals Council following an adverse determination by the ALJ, and the Appeals Council declines review, the ALJ's decision becomes the final decision for this Court's review. *See Mackey v. Shalala*, 47 F.3d 951, 953 (8th Cir. 1995) (holding that under these circumstance, federal courts "have no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action"). This Court's only task, then, is to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence that the Appeals Council deemed material but that the ALJ did not consider. *Id.* This exercise requires the Court to evaluate the newly-submitted evidence to determine how the ALJ would have weighed it had the claimant presented it at the hearing before the ALJ. *Jenkins v. Apfel*, 196 F.3d 922, 924 (8th Cir. 1999); *see also Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994) (recognizing that this "this [is] a peculiar task for a reviewing court.").

## IV. Discussion

Plaintiff appeals the ALJ's decision on two grounds. First, she argues that the ALJ erred by not properly assessing her physical impairments in his residual-functional-capacity determination. Second, she argues that the Appeals Council erred by failing to admit relevant records into the file.

### A. Residual-functional-capacity determination

The ALJ's residual-functional-capacity determination states that Plaintiff can "frequently, but not constantly," use both hands. (Admin. R. at 22.) Plaintiff argues that the ALJ's residual-functional-capacity determination failed to account for her limited use of her hands. (Pl. Br. at 11–12.) She asks for a remand so the ALJ to consider appropriate limitations in the use of both her hands. (*Id.* at 12.)

The ALJ considered the following evidence:

- Plaintiff reported that she could lift about twenty pounds (Admin. R. at 111, 153, 164, 385; *see also id.* at 23.)
- She reported experiencing significant pain relief with medications. (*Id.* at 116, 761, 805; *see also id.* at 24.)
- Providers found she had normal strength in her upper extremities, full grip strength, intact fine-motor dexterity, normal range of motion, no swelling, and normal sensation in her hands. (*Id.* at 631–36, 633, 762, 808, 842; *see also id.* at 24.)

- A medical expert finding that Plaintiff could frequently handle and finger. (Admin. R. at 164; *see also id.* at 26.)
- Plaintiff reported that she engaged in various daily activities that involved using her hands and fingers, including working at a deli, personal care, pet care, preparing simple daily meals, shopping, performing household chores, knitting, painting, volleyball, bike-riding, engaging in "diamond art," working on jigsaw puzzles, walking, and journaling. (*Id.* at 114, 381–85, 426, 896; *see also id.* at 25–26.)

This is "more than a mere scintilla" of evidence. *Biestek*, 587 U.S. at 103 (cleaned up). It is "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id. See Lekensby v. Astrue*, 487 F.3d 626, 634 (8th Cir. 2007) ("In evaluating a claimant's [residual functional capacity], consideration should be given to the quality of daily activities and the ability to sustain activities, interests, and relate to others over a period of time and the frequency, appropriateness, and independence of the activities.") (cleaned up). I find there is sufficient evidence to support the ALJ's determination.

Moreover, although some of this evidence is inconsistent with Plaintiff's subjective complaints of pain, an ALJ may decline to credit subjective complaints when they are inconsistent with objective medical evidence. *See*

*Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ also may discredit subjective complaints that are inconsistent with evidence of "acts such as cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking." *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009). Here, the ALJ considered Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms. (Admin R. at 23–24.) But he ultimately determined that the objective medical evidence and daily-activities evidence were inconsistent with Plaintiff's subjective complaints. Thus, the ALJ had some basis not to credit Plaintiff's complaints.

Because substantial evidence supports the ALJ's decision and I cannot reweigh the evidence, I recommend that this Court affirm the ALJ's decision without remanding for rehearing. *See* 42 U.S.C. § 405(g) (providing, at sentence four, that the court has power to affirm, modify, or reverse the ALJ's decision with or without remanding the cause for a rehearing).

**B. Records submitted to the Appeals Council**

The Appeals Council "shall consider" additional evidence that is "new and material" and that relates to the period before the ALJ's decision. 20 C.F.R. § 404.970(b); *see also Bergmann v. Apfel*, 207 F.3d 1065, 1069 (8th Cir. 2000). Evidence is "new" when it is not cumulative of other record evidence. *Williams v. Sullivan*, 905 F.2d 214, 216–17 (8th Cir. 1990). It is "material" when it is relevant to the claimant's condition in the relevant period. *Id.*

Here, Plaintiff testified that she had knee pain that affected her ability to climb stairs and carry things. (Admin. R. at 114.) After the ALJ issued his decision, she submitted additional medical records to the Appeals Council:

- Essentia Health records dated November 16, 2023, through January 22, 2024. (Admin. R. at 2.) These records include a rheumatologist's note that Plaintiff "has been doing really well" with medication and reported no joint pain. (*Id.* at 95; *see generally id.* 87–99.)
- Essentia Health records dated March 28, 2024, through April 24, 2024. (*Id.* at 2.) These records include a doctor's note that "she feels like [her medication] is helping her pain a lot" (*id.* at 44); exam findings that her gait was normal (*id.* at 47); and x-rays showing unremarkable finding of her knee with well-preserved joint spaces and no abnormalities or evidence of injury (*id.* at 74).
- Essentia Health records dated July 5, 2024. (Admin. R. at 2.) These records describe a knee injury that Plaintiff sustained in the past week while wrestling with a friend. (*Id.* at 78–82.) The providers noted "no joint inflammation," "normal range of active and passive motion." (*Id.* at 80–81.) They treated Plaintiff with ACE bandages and acetaminophen and another pain reliever/anti-inflammatory. (*Id.* at 81.)

The third record—dated July 5, 2024—post-dated the ALJ's June 28, 2024, decision. (*See id.* at 30.) The Appeals Council therefore properly found that it could not consider the July 5 record because it was beyond the relevant period. (*Id.* at 2.) *See* 20 C.F.R. § 404.970(b); *Bergman*, 207 F.3d at 1069.

As to the earlier records, the Appeals Council found there was not a reasonable probability that they would change the outcome of the ALJ's decision. (Admin. R. at 2.) The Appeals Council therefore denied review. (*Id.* at 1–2.)

Even if the ALJ had considered the additional pre-June 28, 2024, records, substantial evidence would have supported the ALJ's outcome. *See Jenkins*, 196 F.3d at 924; *Riley*, 18 F.3d at 622. The entire record evidence, including the additional records, shows that Plaintiff's joint pain was mitigated with medication to the point that she reported experiencing no pain in her knee in the months preceding the ALJ's decision. (*Id.* at 95; *see also id.* at 116, 761, 805.) She could lift up to twenty pounds (*id.* at 111, 153, 164, 385), ride bikes, go for walks and play sports, and do chores (*id.* at 114, 381–85, 426, 896.) This is substantial evidence supporting the ALJ's determination that she could perform "light work." (*Id.* at 22.)

This Court has the power to, at any time, order additional evidence to be taken by the ALJ, "'but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.'" *Hepp v. Astrue*, 511 F.3d 798, 808 (8th Cir. 2008) (quoting 42 U.S.C. § 405(g)).

Here, however, I recommend that this Court decline to remand the action for the ALJ to consider the additional evidence that Plaintiff provided to the Appeals Council. Plaintiff has not endeavored to show good cause for failing to provide this evidence to the ALJ. "Good cause does not exist when the claimant had the opportunity to obtain the new evidence before the administrative record closed but failed to do so without providing a sufficient explanation." *Hepp*, 511 F.3d at 808. The transcript of the ALJ hearing reflects that Plaintiff knew she had received treatment from Essentia during the relevant period. (Admin. R. at 106.) But the record evidence shows that she did not request the Essentia records until July 19, 2024 – nearly a month after the ALJ's decision. (*Id.* at 38; *compare id.* at 30.) Plaintiff offers no explanation for the delayed request. (*See* Pl. Br. at 9–11.) I therefore find that she has not shown good cause for failing to provide the records earlier.

Moreover, the pre-June 28, 2024, evidence is not "new" because it is cumulative of other record evidence. *See Williams*, 905 F.2d at 216–17. Like the evidence before the ALJ, these records show that Plaintiff had experienced some joint pain and that it improved with medication. The evidence is not "new."

The July 5, 2024, evidence is not "material" to Plaintiff's claimed disability because it concerns an injury sustained, on the earliest, the day the ALJ issued his decision. (Admin. R. at 78 (stating, on July 5, that the injury occurred "last week.") Further, the injury did not impact her range of motion and was treated conservatively. (*Id.* at 79–81.)

Because the evidence is cumulative and immaterial and because Plaintiff has not shown good cause for failing to submit it to the ALJ, I recommend against remanding this action for the ALJ to consider the additional evidence submitted to the Appeals Council.

## V. Conclusion.

For the reasons discussed, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's requested relief (Dkt. No. 10) be **DENIED;**
2. The Complaint (Dkt. 1) be DISMISSED with prejudice.

Dated: July 31, 2026

*s/ Elsa M. Bullard*
Elsa M. Bullard
United States Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).